IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH S.,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br>Commissioner of Social Security Administration,<br><br>    Defendant. | Case No. 2:20-cv-00455<br><br><br>MEMORANDUM DECISION<br>& ORDER<br><br><br>Magistrate Judge Dustin B. Pead |

# INTRODUCTION[1]

Pursuant to 42 U.S.C. § 405(g), Plaintiff Elizabeth S.[2] seeks judicial review of the Commissioner of Social Security's decision denying her claim for disability insurance benefits under Title II of the Social Security Act. After careful review of the administrative record, the parties' briefs and arguments and the relevant law, the undersigned concludes that the

---

[1] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 11.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

Commissioner's decision is supported by substantial evidence and free of harmful legal error. Accordingly, as set forth herein, the Commissioner's decision is AFFIRMED.

## BACKGROUND

On April 19, 2017, Plaintiff Elizabeth S. ("Plaintiff") filed a Title II application for disability benefits under the Social Security Act (the "Act"), alleging a disability onset date of April 12, 2017. (Tr.[3] 14, 205.) Plaintiff's claim was initially denied on August 3, 2017, and again upon reconsideration on December 14, 2017. (Tr. 88, 122.) Thereafter, Plaintiff requested an administrative hearing which was held on June 6, 2019, before Administrative Law Judge ("ALJ") Gerald R. Bruce. (*Id.*); 20 C.F.R. § 404.929 *et seq.*; 20 C.F.R. § 404.936(c). [4]

On July 3, 2019, consistent with the five-step sequential evaluation process, the ALJ issued a written decision ("Decision"). (Tr. 14-28); *See* 20 C.F.R. § 416.920 (describing the five-step evaluation process). At step two the ALJ found that Plaintiff had the severe impairments of diabetes mellitus 1, seizure disorder, ulcerative colitis unspecified without complication and major depressive disorder. *See* 20 C.F.R. § 404.1520(c). After concluding that Plaintiff's impairments did not meet or equal a listed impairment, *see* 20 C.F.R. § 404, Subp P. Appx 1, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform "light work" as defined in 20 C.F.R. § 404.1567(b) and concluded that she could:

---

[3] Tr. refers to the transcript of the administrative record before the Court.

[4] All references to the Code of Federal Regulations (C.F.R.) are to the 2019 edition in effect at the time of the ALJ's decision.

> frequently climb ramps and stairs; she can never climb ladders
> and scaffolds; she can frequently balance, stoop, kneel, crouch,
> and crawl; she can occasionally be exposed to vibration; she
> can never be exposed to unrestricted heights, power tools, or
> dangerous moving machinery; although she is capable and
> licensed to drive, she can never drive an automobile as part
> of her work place duties; she needs ready access to a
> restroom during normal breaks at the workplace. She can
> perform goal-oriented but not assembly line-paced work;
> she can occasionally interact with co-workers, supervisors,
> and the general public; she can adapt to routine changes in the
> workplace. She is not limited to unskilled work.

(Tr. 15.) At step four, the ALJ concluded that Plaintiff was not capable of performing her past relevant work but could perform the requirements of the representative occupations of laundry folder, plastics medical assembler or housekeeper. (Tr. 27); *see* 20 C.F.R. § 404.1569. Based thereon, the ALJ denied Plaintiff's application for disability benefits finding that she was not disabled under the Act.

On April 23, 2020, the Appeals Council denied Plaintiff's request, making the ALJ's decision the Commissioner's final decision for purposes of review. (Tr. 1-5); 20 C.F.R. § 404.981. Plaintiff's June 30, 2020, appeal to this court followed. (ECF No. 3); *See* 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

On appeal the Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). In

conducting its review, the Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin,* 767 F. 3d 951, 954 (10th Cir. 2014).

Substantial evidence review is deferential and the agency's factual findings are considered "conclusive" if they "are supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504, 508 (2019) (quoting 42 U.S.C. § 405(g)). As the Supreme Court recently confirmed, the substantial evidence threshold "is not high" and deference should be given to the presiding ALJ "who has seen the hearing up close." *Id.* at 1154, 1157. Substantial evidence is defined as "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (internal quotation omitted).

### III. DISCUSSION

The ALJ is tasked with "determining a claimant's RFC from the medical record." *Howard v. Barnhart,* 379 F.3d 945, 949 (10th Cir. 2004); 20 C.F.R. § 404.1546(c). Assessment of a claimant's RFC is "an administrative determination left solely to the Commissioner 'based on the entire case record, including objective medical findings and the credibility of the claimant's subjective complaints.'" *Fatheree v. Saul,* 2020 U.S. Dist. LEXIS 110648 at * 12 (D. N. Mex. 2020) (*citing Poppa v. Astrue,* 569 F.3d 1167, 1170-71 (10th Cir. 2009)).

On appeal, Plaintiff limits her challenge to the ALJ's mental RFC findings and argues the ALJ failed to support Plaintiff's mental health assessment with substantial evidence. A review of the ALJ's Decision reveals a narrative that broadly discusses the evidence regarding Plaintiff's medication-controlled depression symptoms, mental status examination findings and absence of

4

any recommendations for more aggressive mental health treatment. (A.R. 19-23) (*citing* Tr. 261-68, 347-52, 364-65, 367, 478, 553, 562, 917-22, 982, 987-88, 1028, 1240-41, 1245-46, 1262, 1269, 1275, 1329-30, 1357-61)). In turn, the ALJ goes on to specifically describe how Plaintiff's subjective reports and the medical evidence of record support each of the mental limitations included in the RFC. (Tr. 23) (*citing* Tr. 261-68, 987-88, 1245-46)). Finally, the ALJ also considered medical source opinions and administrative medical findings. (Tr. 24-25).[5] As relevant to Plaintiff's mental health related findings, the ALJ considered the opinions of Dr. Joseph Watkins' ("Dr. Watkins") (Tr. 24 (citing Tr. 1040-42), consultative examiner Kathy Barnett, Ph.D.'s ("Dr. Barnett") (Tr. 25 (citing Tr. 347-52) and the prior administrative medical findings of State agency consulting psychological experts Julie Jacobs, Psy.D. and Mark Berkowitz, Psy. D (Tr. 25 (citing Tr. 97-98, 114-15)). Each of these opinions, in the context of Plaintiff's substantial evidence challenge, is addressed herein.

    1.    **<u>Dr. Watkins</u>**

Plaintiff arguments are widespread. Plaintiff's main challenge appears to be that the ALJ erred in rejecting Dr. Watkins' limitations. Yet a review of the record reveals that many of the limitations offered by Dr. Watkins are consistent with limitations in the RFC. For example, both

---

[5] Because Plaintiff filed her application after March 27, 2017, the new regulations for assessing prior administrative medical findings and medical opinions apply. *See e.g.,* 20 C.F.R. § 404.1520(c) (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017; *see also* "Revisions to Rules Regarding the Evaluation of Medical Evidence" 81 Fed. Reg. 62.560.

the ALJ and Dr. Watkins concluded that Plaintiff had no limitation in her ability to adapt to changes in the workplace. (*Compare* Tr. 18, *with* Tr. 1041.) The ALJ found that Plaintiff could perform unskilled work that was goal-oriented and not assembly line paced. (Tr. 18.) Similarly, Dr. Watkins concluded that Plaintiff had no limitation, or mild limitations, in following one or two-step oral instructions, recognizing a mistake and correcting it or identifying and solving problems. (Tr. 1041.) Further, while the ALJ determined that Plaintiff could perform work involving occasional interaction with others, Dr. Watkins also opined that Plaintiff's abilities in tasks, related to interacting with others, were only mildly impaired with moderate limitations as to Plaintiff's ability to maintain social interactions. (*Compare* Tr. 18, *with* Tr. 1042.) Although some of Dr. Watkins' limitations appear to exceed those found in the RFC, the ALJ properly supported his decision to find those limitations unpersuasive finding Dr. Watkins' opinions to be inconsistent, "overstated and unsupported." (Tr. 25.) Indeed, supportability and consistency are two of the most important criteria for assessing the persuasiveness of an opinion. 20 C.F.R. § 404.1520c(b)(2).[6] Here, Dr. Watkins' failure to provide supporting explanations for his extreme

---

[6] As to supportability, "[t]he more relevant the objective medical evidence and supporting explanations present by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). With regard to consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

limitations and failure to provide opinions that were consistent with other evidence of record provide valid reasons for the ALJ to find Dr. Watkins' opinions less persuasive.

Next, Plaintiff asserts error in assessing Dr. Watkins' opinions because the ALJ failed to consider "additional factors" including the relationship with the patient and medical specialty. *See* 20 C.F.R. § 404.1520c(c)(3)-(c)(5). The identified additional factors, however, are only relevant where the ALJ finds that two medical opinions, which come to different conclusions, are equally supported and consistent with the record and such circumstances were not present here. *See* 20 C.F.R. § 404.1520c(b)(2).

Finally, while Plaintiff's claim that a "substantial loss of ability to meet any of the basic mental demands of . . .unskilled work would justify a finding of disability" may be true, other than citing to the Regulations, Plaintiff fails to develop this argument or explain how the ALJ's assessment of the evidence is so lacking in support from the record that it fails to reach the "substantial evidence" standard.  (ECF No. 24 at 6.)

### 2. Dr. Barnett

The parties reference some confusion surrounding whether Plaintiff's objects to reliance on the personal finance opinion of Dr. Watkins or the opinion of Dr. Barnett.[7] (ECF No. 27 at 10; ECF No. 30 at 2.)  Upon review, it appears that both Dr. Barnett and Dr. Watkins addressed Plaintiff's ability to manage her personal finances.

---

[7] Plaintiff also asserts that she declined to address Dr. Barnett's June 2016 opinion since it is outside the relevant time period, from April 12, 2017, to July 3, 2019, and therefore untimely.

First, the ALJ found Dr. Barnett's opinion, based on a June 2016 consultive examine (Tr. 352), to be "not persuasive" because it was brief and did not address aspects of mental functioning. (Tr. 25.) Additionally, the ALJ determined that Dr. Barnett's opinion on the ability to manage funds was not helpful in evaluating the Plaintiff's RFC. (*Id.*) Under the Regulations, diagnoses are not opinions; rather, they are statements about what a claimant can still do despite her impairments and whether a claimant has work related limitations are opinions that require an ALJ's assessment. *See* 20 C.F.R. § 404.1513(a)(2-3). Thus, the ALJ did not err in finding Dr. Barnett's opinion unpersuasive and provided substantial evidence for so concluding.

With respect to Dr. Watkins, Plaintiff's claim of inconsistency is actually the reason for the ALJ's determination that the opinion was unpersuasive and favors the ALJ's findings. Specifically, the ALJ concluded that Dr. Watkins' findings were overstated and found his claim that Plaintiff was capable of managing her funds to be "contrary to [Dr. Watkins'] opinion" that Plaintiff "has marked and extreme limitations." (Tr. 25.)

4. **State Agency Consulting Psychological Experts**

After reviewing the evidence, state agency consulting psychologists Julie Jacobs, Psy.D. and Mark Berkowitz, Psy.D. opined that Plaintiff's mental impairments would cause no more than "mild" limitations in the "paragraph B" criteria and were therefore non-severe. (Tr. 97-98; Tr. 114-15); *see* 20 C.F.R. § 404.1520a (use of paragraph B criteria for assessing severity of mental impairments). Upon review, the ALJ found the state agency opinions only "partially persuasive," concluding that the "medical record supports greater limitation" than what was outlined by the state agency psychological experts with regard to "concentration, persistence and

8

pace" and "adapting or managing oneself." (Tr. 25.) As a result the ALJ's findings on the state agency expert opinions inure to Plaintiff's benefit and the ALJ provides substantial support for his conclusions.

## V. CONCLUSION

Accordingly, for the reasons stated above, the Court affirms the ALJ's reasonable findings as supported by substantial evidence. *Biestek,* 139 S. Ct. at 1154, 1147. The ALJ issued a thorough, well-supported decision and despite Plaintiff's invitation, the Court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin,* 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks and citation omitted).

Accordingly, for the reasons discussed, the Commissioner's decision is hereby AFFIRMED.

**IT IS SO ORDERED**. DATED

this 8th day of July 2021.

_____
DUSTIN B. PEAD
United States Magistrate Judge